**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RHODE ISLAND LABORERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Civil Action No.: 1:19-cv-05990-RA<br><br><br><br>CLASS ACTION |
| SELWYN KARP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Civil Action No.: 1:19-cv-06183-RA<br><br><br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING MOTION OF ELMER WHITE FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

WHEREAS, in accordance with the provisions of Section 21D (a)(3)(A)(i) of the Exchange Act, on June 26, 2019, notice of the Lead Plaintiff deadline was published in a widely circulated national business-oriented wire service, advising Class members of the pendency of the class action, the claims asserted therein, the purported Class Period, and their right to move this Court to be appointed Lead Plaintiff; and

WHEREAS, pursuant to Section 21D of the Exchange Act, any purported Class member desiring to be appointed Lead Plaintiff was required to have filed a motion for such appointment on or before August 26, 2019; and

WHEREAS, Movant Elmer White ("Movant" or "White"), has timely filed a motion for appointment as Lead Plaintiff; and

WHEREAS, Movant has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Section 21D of the Exchange Act and Rule 23 of the Federal Rules of Civil Procedure; and

WHEREAS, in accordance with Section 21D (a)(3)(B)(v) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant seeks approval of its selection of counsel to serve as Lead Counsel and Liaison Counsel for the Class.

AND NOW THIS _____ day of _____ 2019, the Court having considered Movant's Motion for: (1) Consolidation of the Related Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of its Selection of Counsel, and all supporting documents, and good cause appearing therefore, it is hereby ORDERED as follows:

## CONSOLIDATION

1.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following actions are hereby consolidated for all purposes:

| Case Caption | Docket Number | Filing Date |
|---|---|---|
| *R.I. Laborers' Pension Fund* v. *FedEx Corp., et al.* | C.A. No. 1:19-cv-5990 | June 26, 2019 |
| *Karp v. FedEx Corp., et al.* | C.A. No. 1:19-cv-6183 | July 2, 2019 |

2.      These actions shall be referred to herein collectively as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Action.

3.      Every pleading in this Action shall bear the following caption:

| IN RE FEDEX CORPORATION SECURITIES LITIGATION | Civil Action No. 1:19-cv-05990-ra |
|---|---|
| | CONSOLIDATED SECURITIES LITIGATION |

4.     The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this Consolidated Action.

## MASTER DOCKET AND MASTER FILE

5.     A Master Docket and Master file shall be established for the Consolidated Action. The Master File shall be Case No. 1:18-cv-09116. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable.  When an order, pleading, or other document is filed with a caption indicating that it is applicable to fewer than all of these Consolidated Actions, the clerk shall file such pleadings in the Master File and note the filing in the Master Docket and in the docket of each action

## NEWLY FILED OR TRANSFERRED ACTIONS

6.     When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another Court, the clerk of this Court shall:

   a.  File a copy of this Order in the separate file for such action;

   b.  Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

   c.  Make the appropriate entry in the docket for this action.

7.     Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order

shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

## LEAD PLAINTIFF APPOINTMENT

9.    The motion of Movant to serve as Lead Plaintiff in the Consolidated Action is GRANTED. Pursuant to Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), Movant is appointed as Lead Plaintiff for the Class.

## CO-LEAD COUNSEL

10.    Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u- 4(a)(3)(B)(v), Movant has selected and retained the law firms of Thornton Law Firm LLP to serve as Lead Counsel and Bernstein Liebhard LLP to serve as Liaison Counsel in the Action. The Court approves Movant's selection of Lead Counsel and Liaison Counsel.

11.    Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a.   to coordinate the briefing and argument of any and all motions;

b.   to coordinate the conduct of any and all discovery proceedings;

c.   to coordinate the examination of any and all witnesses in depositions;

d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to coordinate all settlement negotiations with counsel for defendants;

f. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

g. to coordinate the preparation and filings of all pleadings; and to supervise all other matters concerning this litigation.

12. No settlement negotiations shall be conducted without the approval of Lead Counsel.

13. Lead Counsel shall have responsibility for receiving and disseminating Court orders and notices.

14. Lead Counsel shall be the contact between the class and defendants' counsel, shall serve as the spokespersons for the class. Lead Counsel shall act as the liaison between the Court and the class.

**IT IS SO ORDERED.**

Dated: _____, 2019

_____
The Honorable Ronnie Abrams
United States District Judge

5