UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

RHODE ISLAND LABORERS' PENSION
FUND, Individually and on Behalf of All
Others Similarly Situated,

                 Plaintiff,

    vs.

FEDEX CORPORATION, FREDERICK W.
SMITH, ALAN B. GRAF, JR., DAVID J.
BRONCZEK, RAJESH SUBRAMANIAM,
DAVID L. CUNNINGHAM, DONALD F.
COLLERAN, and MICHAEL C. LENZ,

                 Defendants.

:   Civil Action No. 1:19-cv-05990-RA

:   CLASS ACTION

SELWYN KARP, Individually and on Behalf
of All Others Similarly Situated,

                 Plaintiff,

    vs.

FEDEX CORPORATION, FREDERICK W.
SMITH, ALAN B. GRAF, JR., DAVID J.
BRONCZEK, RAJESH SUBRAMANIAM,
DAVID L. CUNNINGHAM, DONALD F.
COLLERAN, and MICHAEL C. LENZ,

                 Defendants.

:   Civil Action No. 1:19-cv-06183-RA

:   CLASS ACTION

————————————————————— x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
SELECTION OF LEAD COUNSEL

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................................1

II.   SUMMARY OF THE ACTION.........................................................................................2

III.  ARGUMENT.......................................................................................................................4

      A.    The Actions Should Be Consolidated ......................................................................4

      B.    The Pension Fund Should Be Appointed Lead Plaintiff...........................................5

            1.    The Pension Fund's Motion Is Timely ........................................................6

            2.    The Pension Fund Possesses the Largest Financial Interest ........................6

            3.    The Pension Fund Otherwise Satisfies Rule 23 ..........................................6

      C.    The Pension Fund's Selection of Counsel Should Be Approved ............................8

IV.   CONCLUSION...................................................................................................................10

4819-5734-6722.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Buker v. L&L Energy, Inc.*,
No. 1:13-cv-06704-RA-AJP
(S.D.N.Y. Dec. 23, 2013) ............................................................................................................ 6, 7, 8

*City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................................. 7

*City of Westland Police and Fire Ret. Sys. v. Philip Morris Int'l Inc.*,
No. 1:18-cv-08049-RA
(S.D.N.Y. Feb. 25, 2019) ............................................................................................................ 8

*Danker v. Papa John's Int'l*,
No. 1:18-cv-07927-RA
(S.D.N.Y. Jan. 9, 2019) ............................................................................................................... 8

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG-JCG
(C.D. Cal.) ................................................................................................................................... 9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ........................................................................................................ 7

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
586 F. Supp. 2d 732 (S.D. Tex. 2008) ........................................................................................ 9

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ...................................................................................................... 5

*Jones v. Pfizer, Inc.*,
No. 1:10-cv-03864-AKH
(S.D.N.Y. Aug. 10, 2015) ............................................................................................................ 8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................... 5

*Rozenboom v. Van Der Moolen Holding, N.V.*,
2004 WL 816440 (S.D.N.Y. Apr. 14, 2004) ............................................................................... 8

4819-5734-6722.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1) ..................................................................................................................5
§78u-4(a)(3)(A)(i)..........................................................................................................5
§78u-4(a)(3)(B)(i) ..........................................................................................................1
§78u-4(a)(3)(B)(ii)......................................................................................................1, 4
§78u-4(a)(3)(B)(iii)......................................................................................................2, 5
§78u-4(a)(3)(B)(iii)(I)(cc)..............................................................................................6
§78u-4(a)(3)(B)(v) ......................................................................................................2, 8

Federal Rule of Civil Procedure
Rule 23 ..................................................................................................2, 5, 6, 7
Rule 23(a)(4)..................................................................................................................8
Rule 42 ..........................................................................................................................1
Rule 42(a)....................................................................................................................4, 5

4819-5734-6722.v1

## I.    INTRODUCTION

Presently pending before this Court are two related securities class actions brought on behalf of purchasers of FedEx Corporation ("FedEx" or the "Company") securities between September 19, 2017 and December 18, 2018 (the "Class Period"), against the Company and seven of its senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act"): (1) *Rhode Island Laborers' Pension Fund v. Fedex Corporation*, No. 1:19-cv-05990-RA, filed June 26, 2019; and (2) *Karp v Fedex Corporation*, No. 1:19-cv-06183-RA, filed July 2, 2019 (the "Related Actions").[1]

Class member and proposed lead plaintiff City of Bradford Metropolitan District Council as administering authority to the West Yorkshire Pension Fund (the "Pension Fund") respectfully submits this memorandum of law in support of its motion for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"); (2) appointing the Pension Fund as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common questions of law and fact.  Further, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Pension Fund is the "most

---

[1]    The *Rhode Island* Action asserts claims on behalf of purchasers of common stock and the *Karp* Action asserts claims on behalf of purchasers of securities.  This minor difference will be resolved with the filing of a consolidated complaint.

adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund is an experienced and sophisticated institutional investor with ample resources and the capability to oversee complex litigation. In addition to timely filing its motion, the Pension Fund has a significant financial interest – an interest believed to be greater than that of any competing movant. And, the Pension Fund meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because its claims are typical of those of absent class members and the Pension Fund will fairly and adequately represent the interests of the proposed class. The Pension Fund has also selected Robbins Geller to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Fund's chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving the Pension Fund's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, the Pension Fund's motion should be granted.

## II.    SUMMARY OF THE ACTION

Defendant FedEx is a global logistics company that ships goods to commercial and residential customers throughout the world. In July 2016, FedEx significantly expanded its international operations through its $4.8 billion acquisition of TNT Express N.V. ("TNT"), a Netherlands-based logistics company with operations concentrated in Europe. Fedex's common stock trades on the New York Stock Exchange under the ticker symbol "FDX."

On June 27, 2017, TNT's operations were crippled by a cyberattack known as NotPetya, which involved the spread of a malware virus throughout TNT's systems (the "Cyberattack"). *See Rhode Island*, ECF No. 1 at ¶5; *Karp*, ECF No. 1 at ¶5. The timing of the attack was particularly

- 2 -

problematic for FedEx, as TNT's systems were paralyzed during the critical period involving the integration of TNT with the Company's legacy European operations. *Id.*

The complaints allege that, throughout the Class Period, defendants continually assured investors about its recovery from the Cyberattack and that any negative impact from the attack was minimal. *See Rhode Island*, ECF No. 1 at ¶7; *Karp*, ECF No. 1 at ¶7.

Notwithstanding these positive representations to the market, the complaints allege that defendants made false and misleading statements and/or failed to disclose that: (1) TNT's overall package volume growth was slowing as TNT's large customers permanently took their business to competitors after the Cyberattack; (2) as a result of the customer attrition, TNT was experiencing an increased shift in product mix from higher-margin parcel services to lower-margin freight services; (3) the anticipated costs and timeframe to integrate and restore the TNT network were significantly larger and longer than disclosed; (4) FedEx was not on track to achieve TNT synergy targets; and (5) as a result of these undisclosed negative trends and cost issues, FedEx's positive statements about TNT's recovery from the Cyberattack, integration into FedEx's legacy operations, customer mix, customer service levels, profitability, and prospects lacked a reasonable basis. *See Rhode Island*, ECF No. 1 at ¶8; *Karp*, ECF No. 1 at ¶8.

On June 19, 2018, FedEx provided a disappointing capital expenditure outlook for its FedEx Express segment, the reporting segment that includes TNT's results, and reported higher-than-expected TNT integration expenses. *See Rhode Island*, ECF No. 1 at ¶10; *Karp*, ECF No. 1 at ¶10. On this news, FedEx shares fell nearly 3%, causing substantial harm to investors.

Then, on September 17, 2018, FedEx reported lower-than-expected earnings for its first quarter ended August 30, 2018 and partially attributed these results to higher-than-expected TNT

- 3 -

integration costs. *See Rhode Island*, ECF No. 1 at ¶11; *Karp*, ECF No. 1 at ¶11. On this news, FedEx shares fell approximately 5.5%, causing substantial harm to investors.

On December 7, 2018, FedEx announced that David L. Cunningham would depart from his role as FedEx Express' President and CEO on December 31, 2018, which analysts attributed to performance issues within FedEx Express, rather than "retirement." *See Rhode Island*, ECF No. 1 at ¶12; *Karp*, ECF No. 1 at ¶12. On this news, FedEx shares fell approximately 6.4%, causing substantial harm to investors.

Finally, on December 18, 2018, FedEx reported a large profit miss for its second fiscal quarter ended November 30, 2018. *See Rhode Island*, ECF No. 1 at ¶13; *Karp*, ECF No. 1 at ¶13. Defendants attributed the disappointing results to lower package volumes in Europe and a negative shift in TNT's product mix to lower margin freight business following the Cyberattack – which had occurred well over a year ago. *Id*. The Company also lowered its fiscal 2019 earnings guidance and announced its main TNT synergy target would no longer be achievable by fiscal year 2020. *Id*. On this news, FedEx shares fell over 12%, causing substantial harm to investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Pension Fund and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a

- 4 -

common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions present identical factual and legal issues, allege nearly identical claims in an identical class period, and name identical defendants. In fact, the later-filed *Karp* complaint appears to be nearly identical to the first-filed *Rhode Island* complaint. Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

### B.      The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

- 5 -

4819-5734-6722.v1

### 1.    The Pension Fund's Motion Is Timely

On June 26, 2019, notice of the first-filed complaint was published on *Globe Newswire* and advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by August 26, 2019.  *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Thus, the Pension Fund filed within the applicable deadline and its motion should be considered for lead plaintiff appointment.

### 2.    The Pension Fund Possesses the Largest Financial Interest

During the Class Period, the Pension Fund purchased 43,600 shares of FedEx common stock and suffered over $3,366,000 in losses due to defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B, C.[2]  To the best of its counsel's knowledge, no other movant claims a larger financial interest than the Pension Fund.  Therefore, the Pension Fund satisfies the PSLRA's "largest financial interest" requirement.

### 3.    The Pension Fund Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

"'The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.'"  *Buker v. L&L Energy, Inc.*,  No. 1:13-cv-06704-RA-AJP, ECF No. 25 at 2 (S.D.N.Y. Dec. 23, 2013) (Abrams, J) (citation omitted).

---

[2]    The Pension Fund's losses are identical under both the last-in, first-out ("LIFO") and first-in, first-out ("FIFO") accounting methodologies.

4819-5734-6722.v1

The Pension Fund satisfies this requirement because, just like all other class members, it: (1) purchased FedEx securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 "'is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'"  *Id.* at 3 (citation omitted).

Here, the Pension Fund is an adequate representative of the class because its interests are aligned with the putative class and there is no evidence of any antagonism between the Pension Fund's interests and the class's interests.  The Pension Fund's substantial loss provides the requisite interest to ensure vigorous advocacy.  In addition, as shown below, the Pension Fund has retained competent and experienced counsel to prosecute these claims.

Founded in 1974, the Pension Fund is a local government pension scheme with assets of over $15 billion.  As of 2018, the Pension Fund had over 285,000 members and 443 employers across the United Kingdom.  The Pension Fund's website, http://www.wypf.org.uk/Index.aspx, contains its financial reports and information about its management, structure, policies, and procedures.  Indeed, the Pension Fund is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y.

4819-5734-6722.v1

2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."); *see also Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 WL 816440, at *2 (S.D.N.Y. Apr. 14, 2004) (citing Congressional intent to encourage institutional investors to serve as lead plaintiffs). Thus, the Pension Fund satisfies the adequacy requirements of Rule 23(a)(4).

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### C.    The Pension Fund's Selection of Counsel Should Be Approved

"'The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'" *L&L Energy*, ECF No. 25 at 3 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). Here, the Pension Fund has selected Robbins Geller to serve as lead counsel for the proposed class.[3]

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation. District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *Danker v. Papa John's Int'l*, No. 1:18-cv-07927-RA, ECF No. 45 (S.D.N.Y. Jan. 9, 2019) (in which this Court recently appointed Robbins Geller as lead counsel); *City of Westland Police and Fire Ret. Sys. v. Philip Morris Int'l Inc.*, No. 1:18-cv-08049-RA, ECF No. 82 (S.D.N.Y. Feb. 25, 2019) (this Court appointing Robbins Geller as co-lead counsel); *see also Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at

---

3    *See generally* https://www.rgrdlaw.com.

42-43 (S.D.N.Y. Aug. 10, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Robbins Geller's securities department also includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases to verdict, including a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc*., No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a plaintiffs' verdict, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud and awarding shareholders up to $100 million in damages.

Thus, the Court can be assured that by approving the Pension Fund's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

4819-5734-6722.v1

## IV.    CONCLUSION

The Related Actions should be consolidated as they involve identical legal and factual questions.  In addition, the Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Fund respectfully requests that the Court grant its motion.

DATED:  August 26, 2019                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

                    *s/ David A. Rosenfeld*
                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 10 -

4819-5734-6722.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 26, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4819-5734-6722.v1

## Mailing Information for a Case 1:19-cv-05990-RA Rhode Island Laborers' Pension Fund v. FedEx Corporation et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Andrew Robert Beatty**
  andrew.beatty@skadden.com,william.ridgway@skadden.com,jack.dicanio@skadden.com

- **Guillaume Buell**
  gbuell@tenlaw.com,8927635420@filings.docketbird.com

- **Jay B. Kasner**
  jkasner@skadden.com

- **Christopher J. Keller**
  ckeller@labaton.com,5497918420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)