UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RHODE ISLAND LABORERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-05990-RA |
|  | CLASS ACTION |
| Plaintiff, |  |
| vs. |  |
| FEDEX CORPORATION, FREDERICK W. SMITH, ALAN B. GRAF, JR., DAVID J. BRONCZEK, RAJESH SUBRAMANIAM, DAVID L. CUNNINGHAM, DONALD F. COLLERAN, and MICHAEL C. LENZ, |  |
| Defendants. |  |
| SELWYN KARP, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-06183-RA |
|  | CLASS ACTION |
| Plaintiff, |  |
| vs. |  |
| FEDEX CORPORATION, FREDERICK W. SMITH, ALAN B. GRAF, JR., DAVID J. BRONCZEK, RAJESH SUBRAMANIAM, DAVID L. CUNNINGHAM, DONALD F. COLLERAN, and MICHAEL C. LENZ, |  |
| Defendants. |  |

THE PENSION FUND'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT
AS LEAD PLAINTIFF

4829-6245-9817.v1

City of Bradford Metropolitan District Council as administering authority to the West Yorkshire Pension Fund (the "Pension Fund") respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff (ECF No. 41), and in opposition to the competing motions for appointment as lead plaintiff.  ECF Nos. 28, 31, 34, 35.

## I.    INTRODUCTION AND BACKGROUND

Five motions were filed by class members seeking appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  Each of the competing movants has either indicated that it does not oppose the Pension Fund's motion or has withdrawn its own motion.  *See* ECF Nos. 46, 48, 49, 50.  As such, ***the Pension Fund's motion is substantively unopposed***.

Based on information contained in the original submissions by the lead plaintiff movants, the Pension Fund is the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund's loss of over $3.36 million is more than double the losses claimed by the other lead plaintiff movants combined, and the Pension Fund otherwise meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly, the Pension Fund should be appointed as Lead Plaintiff and its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel should be approved.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise

---

[1]    The competing movants are: (1) the Pension Fund; (2) Elmer White; (3) James A. Hentz; (4) Ironworkers Locals 40, 361 & 417 Union Security Funds ("Ironworkers") and (5) Employees' Retirement System of the State of Rhode Island ("Rhode Island").  All movants agree that the above-captioned related securities actions should be consolidated.

satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Here, there is no dispute that the Pension Fund possesses the "largest financial interest" in this litigation:

| MOVANT | CLAIMED LOSS |
|---|---|
| **The Pension Fund** | $3,366,361.57 |
| *Rhode Island (filed a notice of non-opposition)* | *$823,973.67* |
| *Ironworkers (filed a notice of non-opposition)* | *$406,714* |
| *Mr. Hentz (withdrawn)* | *$111,881.21* |
| *Mr. White (filed a notice of non-opposition)* | *$17,598.67* |

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Pension Fund must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(cc).  Here, there is no question that the Pension Fund satisfies this requirement.  *See* ECF No. 42 at 6-8.  As a sophisticated institutional investor, the Pension Fund is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA.  *See Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) ("Congress enacted the PSLRA in 1995 with the consideration that the best way to prevent lawyer-driven litigation was to encourage institutional investors to serve as lead plaintiffs.").  Because the Pension Fund clearly has the largest financial interest and satisfies Rule 23's requirements, the Pension Fund is presumptively the "most adequate plaintiff."

The presumptive lead plaintiff, in this case the Pension Fund, must be appointed unless it is proven that it will not satisfy the typicality and adequacy requirements of Rule 23(a).  "[O]nce the presumption is triggered, the question is *not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is

4829-6245-9817.v1

whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted); *see also Cavanaugh*, 306 F.3d at 730-32.  Here, there is no dispute that the Pension Fund meets the adequacy and typicality requirements.  *See* ECF No. 42 at 6-8; *see also* ECF Nos. 46, 48, 49, 50 (collectively raising no substantive opposition to Pension Fund's motion).  Consequently, the "most adequate plaintiff" presumption that lies in the Pension Fund's favor has not been rebutted.  The Pension Fund's Motion should be granted and the competing motions should be denied.

## III.   CONCLUSION

The Pension Fund possesses the largest financial interest in the relief sought by the class.  In addition, the Pension Fund meets the requirements of adequacy and typicality, and the presumption which lies in favor of the Pension Fund cannot be rebutted.  The competing movants do not oppose the Pension Fund's motion.

As a result, the Pension Fund respectfully requests that this Court enter an order: (1) consolidating the above-captioned related securities actions; (2) appointing the Pension Fund to serve as Lead Plaintiff in the consolidated action; (3) approving the Pension Fund's selection of Lead Counsel; and (4) denying the competing motions.

DATED:  October 7, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

- 3 -

4829-6245-9817.v1

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2019, I caused to be served the foregoing document upon all counsel of record through filing of these materials with the Court's Case Management and Electronic Case Filing System.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4829-6245-9817.v1