USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RHODE ISLAND LABORERS' PENSION FUND, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

FEDEX CORPORATION, FREDERICK W. SMITH, ALAN B. GRAF, JR., DAVID J. BRONCZEK, RAJESH SUBRAMANIAM, DAVID L. CUNNINGHAM, DONALD F. COLLERAN, and MICHAEL C. LENZ,

Defendants.

19-CV-5990 (RA)

---

SELWYN KARP, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

FEDEX CORPORATION, FREDERICK W. SMITH, ALAN B. GRAF, JR., DAVID J. BRONCZEK, RAJESH SUBRAMANIAM, DAVID L. CUNNINGHAM, DONALD F. COLLERAN, and MICHAEL C. LENZ,

Defendants.

19-CV-6183 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Rhode Island Laborers' Pension Fund filed the *Rhode Island Laborers' Pension Fund v. FedEx Corp.* action, 19-cv-5990-RA (S.D.N.Y.), on June 26, 2019 on behalf of a class of investors who purchased or otherwise acquired FedEx Corporation common stock between September 19, 2017 and December 18, 2018. The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Now

pending before the Court is the unopposed motion of the City of Bradford Metropolitan District Council as administering authority to the West Yorkshire Pension Fund ("West Yorkshire") for appointment as lead plaintiff, approval of selection of lead counsel, and consolidation of *Rhode Island Laborers' Pension Fund v. FedEx Corp.* with *Selwyn Karp v. Fedex Corp.*, 19-cv-6183-RA (S.D.N.Y.).* The motion is GRANTED in its entirety.

A.  **Appointment of Lead Plaintiff and Class Counsel**

West Yorkshire seeks appointment as lead plaintiff and approval of its selection of Robbins Geller Rudman & Dowd LLP as lead counsel. Both requests are granted. Pursuant to the Private Securities Litigation Reform Act or PSLRA, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most "adequate plaintiff" is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof that this plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

The PSLRA does not specify a method for calculating who has the "largest financial

---

* Although five Plaintiffs initially filed motions for appointment as lead plaintiff, approval of selection of lead counsel, and consolidation of related motions, Plaintiffs Ironworkers Locals 40, 361 & 417 Union Security Funds ("Ironworkers"), Employees' Retirement System of the State of Rhode Island ("Rhode Island"), and Elmer White subsequently filed motions of non-opposition to West Yorkshire's motion, Dkt. 48, 49, 50, and Plaintiff James Hentz withdrew his motion. Dkt. 46. All docket citations refer to 19-cv-05990 (RA) (S.D.N.Y.).

2

interest," but courts in this district commonly look to four factors in making this determination: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiff." *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015) (citations omitted). The fourth factor, the largest loss, is considered by most courts to be the "critical ingredient in determining the largest financial interest and outweighs net shares purchased and next expenditures." *Richman v. Goldman Sachs Grp. Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011).

Five plaintiffs moved to be appointed lead plaintiff. Dkt. 28, 31, 34, 35, 41. Of those, West Yorkshire alleges the largest financial interest in the action, including over $3,366,000 in losses. Dkt. 42 at 6. After reviewing West Yorkshire's submissions, each of the other plaintiffs either withdrew their motions, Dkt. 46, or stated that they do not oppose West Yorkshire's appointment, Dkt. 48, 49, 50.

West Yorkshire has also made a preliminary showing of meeting the typicality requirement of Rule 23. West Yorkshire's claims are identical to, and neither compete nor conflict with the claims of the other class members. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). Like all other class members, West Yorkshire purchased FedEx securities during the class period, suffered damages as a result of Defendants' allegedly false and misleading statements, and seeks relief under the federal securities laws.

West Yorkshire has similarly made a preliminary showing of meeting the adequacy requirement of Rule 23. "The adequacy requirement is satisfied where: (1) class counsel is

qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* First, West Yorkshire's choice of counsel, Robbins Geller, appears qualified and experienced. Dkt. 42 at 8-9. Second, West Yorkshire's claims are identical to those of the other class members, and there is no other identifiable conflict. Third, West Yorkshire's significant financial interest in the relief sought by the class will ensure vigorous advocacy on behalf of that class.

West Yorkshire is therefore the presumptive lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As no other plaintiff has come forward with rebuttal evidence establishing that West Yorkshire "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), West Yorkshire will be appointed lead plaintiff.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court concludes that West Yorkshire's chosen counsel Robbins Geller has sufficient expertise to litigate this case and will thus be appointed lead counsel.

### B. Consolidation

West Yorkshire also seeks consolidation of *Rhode Island Laborers' Pension Fund v. FedEx Corp.*, 19-cv-5990-RA (S.D.N.Y.) with *Selwyn Karp v. Fedex Corp.*, 19-cv-6183-RA (S.D.N.Y.). "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

4

Consolidation is appropriate here. The actions assert "virtually identical claims based on virtually identical factual allegations." *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 118 (S.D.N.Y. 2010). Both complaints allege violations of the same federal securities laws based on the same set of facts. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004) (consolidating securities class action cases where claims were "essentially similar and overlapping"). Indeed, the only nontrivial difference is that the *Rhode Island* action asserts claims on behalf of purchasers of common stock whereas the *Karp* action asserts claims on behalf of purchasers of securities. *See* Dkt. 42 at 1 n.1. Moreover, neither Defendants nor any other party has objected to consolidation, suggesting that consolidation will not prejudice any party. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). The cases will thus be consolidated to promote efficiency and judicial economy.

### C. Conclusion

Accordingly, it is hereby ordered that:

1. The City of Bradford Metropolitan District Council as administering authority to the West Yorkshire Pension Fund is appointed lead plaintiff and its motion for approval of Robbins Geller Rudman & Dowd LLP as class counsel is granted.

2. The above-captioned actions 19-cv-5990-RA (Rhode Island Laborers' Pension Fund v. FedEx Corporation et al.) and 19-cv-6183-RA (Karp v. FedEx Corporation et al.) are consolidated for all purposes (the "Consolidated Action").

3. The parties shall submit a joint letter to the Court by October 25 proposing a schedule for the submission of Plaintiffs' consolidated amended complaint and Defendants' response.

4. The Clerk of this Court is respectfully directed to terminate the gavels at Dkt. 28, 34, 35, and 41.

SO ORDERED.

Dated:     October 18, 2019
           New York, New York

_____
Hon. Ronnie Abrams
United States District Judge